PROB 12C
(6/16)

Report Date:  May 20, 2026

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2026

SEAN F. McAVOY, CLERK

### Eastern District of Washington

ECF No. 55

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rick Allen Monroe              Case Number: 0980 2:24CR00172-RLP-1

Address of Offender: ███████  Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: April 13, 2026

| | | | |
|---|---|---|---|
| Original Offense: | Failure to Register as a Sex Offender, 18 U.S.C. § 2250(a) | | |
| Original Sentence: | Prison - 452 Days;<br>TSR - 120 Months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Alison L. Gregoire | Date Supervision Commenced: April 30, 2026 | |
| Defense Attorney: | John Stephen Roberts, Jr. | Date Supervision Expires: April 29, 2036 | |

## PETITIONING THE COURT

To issue a warrant.

On May 6, 2026, Mr. Rick Monroe signed his conditions relative to case number 2:24CR00172-RLP-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #5**: You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. |

**Supporting Evidence**: Mr. Monroe is alleged to have violated mandatory condition number 5, by failing to complete the initial sex offender registration process in full, as instructed and directed by both the U.S. Probation Office and the Spokane County Sheriff's Office, following his release on April 30, 2026.

Specifically, on April 30, 2026, Mr. Monroe released from custody to an arranged placement at the Spokane Residential Re-Entry Center (RRC). Immediately following his transport to the facility, Mr. Monroe indicated he was having chest pains. Emergency services were contacted and Mr. Monroe was transported to the hospital. Over the next 10 days, Mr. Monroe either contacted emergency services himself, or requested that RRC staff request it for him, on a total of 9 separate occasions, that all resulted in temporary hospital placement. On two occasions, Mr. Monroe requested that the RRC contact emergency services immediately after arriving back at the facility from the previous hospital placement.

Prob12C
**Re: Monroe, Rick Allen**
**May 20, 2026**
**Page 2**

On May 6, 2026, Mr. Monroe's intake was conducted with him at the hospital. During that appointment, Mr. Monroe was advised of his need to register as a sex offender. He stated his understanding of the directive, and further signed a document acknowledging his duty to register. Mr. Monroe's assigned case manager at the RRC also advised him of his duty to register and an appointment was set for him to complete the initial intake and registration process on May 12, 2026.

On May 10, 2026, Mr. Monroe requested access to emergency services, after staff witnessed him fall out of his wheelchair at the facility control window. After making contact with emergency services, Mr. Monroe disclosed that he had been assaulted while at the RRC, although he refused to file formal charges or provide a full statement to law enforcement or RRC staff. The RRC director was subsequently contacted by hospital staff, who advised that given the nature of the assault, that the hospital would not be releasing Mr. Monroe back to the facility. The medical provider stated that she did not have permission to speak with RRC facility staff further. The facility discharged Mr. Monroe effective May 10, 2026.

On May 12, 2026, Mr. Monroe failed to attend his registration appointment as scheduled. On May 13, 2026, the undersigned officer again met with Mr. Monroe in the hospital, and again indicated his need to prioritize his registration requirements, as soon as he was out of the hospital, and in light of his current state of non-compliance with the obligation. Mr. Monroe again committed to doing so, with hospital staff confirming that he would be released that day to local shelter housing.

On May 19, 2026, the undersigned officer learned that Mr. Monroe had himself scheduled an appointment for his initial intake and registration process, set to occur on May 20, 2026. Unfortunately, the undersigned officer has since learned that Mr. Monroe again failed to appear for the appointment. As of the date of this report, Mr. Monroe has failed to satisfy his initial sex offender registration requirements as ordered and directed.

**<u>Standard Condition #5</u>**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**<u>Supporting Evidence</u>**: Mr. Monroe is alleged to have violated standard condition number 5, by failing to update the U.S. Probation Office as to his current housing circumstances, at any point after May 13, 2026.

Specifically, on May 13, 2026, the undersigned officer met with Mr. Monroe at Deaconess Hospital in Spokane, where he was a patient in their emergency room. During the contact, the undersigned officer, Mr. Monroe, and his then assigned case manager, were able to discuss Mr. Monroe's case and current medical need in detail. During dialogue, the case worker advised of her opinion that Mr. Monroe was in fact taking advantage of the medical system, and using it to his advantage to mitigate his current state of homelessness. The case worker further confirmed that medical testing had verified that he did have the ability to care for himself outside of the hospital, despite Mr. Monroe's statements to the contrary, and advised that he was only being retained in emergency care, based on his current state of homelessness. During the contact, a plan to release Mr. Monroe to local shelter housing was devised. Mr. Monroe was further directed by the undersigned officer to begin contacting the

**Prob12C**
**Re: Monroe, Rick Allen**
**May 20, 2026**
**Page 3**

undersigned officer either telephonically, or in person, every weekday morning, so that current compliance and housing could be verified. Mr. Monroe committed to becoming engaged in shelter housing and to not continuing to frivolously contact emergency medical services.

On May 15, 2026, after not hearing from Mr. Monroe, the undersigned officer attempted to verify Mr. Monroe's current placement in local shelter housing as discussed, but was advised that such information could not be shared telephonically due to privacy concerns. On both May 15 and 18, 2026, the undersigned officer verified that Mr. Monroe was not present within any of the 4 major hospitals located in the Spokane and Spokane Valley areas.

On May 19, 2026, the undersigned officer attempted contact with Mr. Monroe at the previously referenced local shelter facility in Spokane, but was informed by staff that Mr. Monroe had not at any point checked into the facility for any length of time. As a result, Mr. Monroe's current location is unknown to the U.S. Probation Office.

3        **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Monroe is alleged to have violated standard condition number 13, by failing to contact the undersigned officer on a daily basis, either telephonically or in person, as previously directed by the undersigned officer on May 13, 2026.

Specifically, on May 13, 2026, the undersigned officer met with Mr. Monroe at Deaconess Hospital in Spokane, where he was at that time a patient in their emergency room. During the contact, a plan to release Mr. Monroe to local shelter housing was devised. Mr. Monroe was directed by the undersigned officer to begin contacting the undersigned officer either telephonically, or in person, every weekday morning, so that current compliance and housing could be verified.

Mr. Monroe has since not contacted the U.S. Probation Office in any manner, and his current whereabouts are therefore unknown to the U.S. Probation Office.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    May 20, 2026

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

Prob12C
**Re: Monroe, Rick Allen**
**May 20, 2026**
**Page 4**

THE COURT ORDERS

[  ]    No Action
[X]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    The incorporation of the violation(s) contained in this
        petition with the other violations pending before the
        Court.
[  ]    Defendant to appear before the Judge assigned to the
        case.
[X]    Defendant to appear before the Magistrate Judge.
[  ]    Other

_____
Signature of Judicial Officer

5/21/2026
_____
Date